**Hilda L. BOWDAN, Appellant,**

v.

**GOODERHAM & WORTS, LIMITED,**
**Appellee.**

**No. 15157.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 28, 1959.

Decided Nov. 19, 1959.

Mr. Frederick W. Grey Leslie, Washington, D. C., with whom Mr. H. Max Ammerman, Washington, D. C., was on the brief, for appellant.

Mr. Roberts B. Owen, Washington, D. C., for appellee.

Before Mr. Justice BURTON, retired,[*] and WILBUR K. MILLER and BASTIAN, Circuit Judges.

PER CURIAM.

Hilda L. Bowdan executed two instruments of guaranty to Gooderham & Worts, Ltd., a Detroit wholesaler, to obtain credit for her husband, a retailer in the District of Columbia, whereupon the wholesaler extended credit to Bowdan. Some time later his account became so delinquent that Gooderham & Worts sued Mrs. Bowdan for the balance due. When the suit was filed, she and her husband were living separate and apart.

As a defense, the appellant asserted that, when she signed as guarantor at her husband's request, she told him she intended to be bound only so long as they continued to live together. The alleged condition was not included in the writings and was not communicated to Gooderham & Worts. She also

---

2. Cf. Capital Transit Co. v. Gamble, 1947, 82 U.S.App.D.C. 57, 160 F.2d 283.

* Sitting by designation pursuant to § 294 (a), Title 28, U.S. Code.

said the guaranties, which contained waivers of notice of acceptance, never became effective because she was not notified they had been accepted. Notice of acceptance was obviated by the waiver provisions. In any event, since the requests for the guaranties originated with the creditor and were directed specifically to appellant, no notice of acceptance was required. Davis v. Wells Fargo & Co., 1881, 104 U.S. 159, 166–167, 26 L. Ed. 686.

Cross-motions for summary judgment were filed and that of Gooderham & Worts was granted. Mrs. Bowdan appeals. As we perceive no prejudicial error, the judgment of the District Court will be upheld.

Affirmed.